Misc.] Surrogate's Court, New York County, December, 1920.

Matter of the Estate of LOWELL LINCOLN, Deceased.

(Surrogate's Court, New York County, December, 1920.)

Transfer tax — what not subject to — partnership agreement — good will — evidence — services — when deduction from net profits for salaries unauthorized.

Where by a partnership agreement the money standing in the name of a partner is to be credited on the first days of January and July in each year, the share of a partner in the capital with interest to the date of his death, September 2, 1917, represents the value of the transfer at his death, and a claim of the executors in a transfer tax proceeding that the interest be discounted to January 1, 1918, is properly disallowed.

The partnership agreement provided that the capital of the member of the firm who died during the continuance of the copartnership should remain in the business for a period of not exceeding nine months subsequent to his death and that his personal representatives should receive the same interest on capital and the same share of the profits for that period as was provided by the copartnership agreement. *Held,* that as the profits for the nine months succeeding decedent's death were not due and payable under the partnership agreement until the expiration of the period therein fixed, and carried no interest, the amount of said profits should be discounted so as to ascertain its value as of the date of decedent's death.

The business of the firm was that of selling goods on commission and the unusual earnings for the years 1916 and 1917, which the transfer tax appraiser in estimating the value of the good will included in his average of profits, were due solely to the extraordinary increase in the inventory value of the merchandise, on the sale of which commissions were received. *Held,* that in the circumstances the profits for those years should have been excluded.

The profits of the year 1914 should have been eliminated because of the conditions which resulted in profits far below normal earnings, and the average for 1912, 1913 and 1915 should have been taken as the basis for estimating the value of the good will.

Surrogate's Court, New York County, December, 1920.　[Vol. 114.

The five per cent of profits which, under the partnership agreement decedent was entitled to receive, should have been applied to the good will value of the business in ascertaining his interest therein.

No proof having been offered of the nature, extent or value of the services, if any, rendered by decedent and his copartners to the firm, a deduction from the net profits, for salaries to the copartners, was unauthorized and properly disallowed by the transfer tax appraiser.

APPEAL from an order fixing the transfer tax.

Nicoll, Anable, Fuller & Sullivan (Outerbridge Horsey, of counsel), for executor.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

COHALAN, S.　This appeal is taken by the executors of decedent's estate from the order fixing the transfer tax on the ground that his interest in the copartnership of Catlin & Co. has been appraised in the report in excess of its true value.

The sum found by the appraiser as the amount due decedent from the firm was $841,844.96, to which has been added interest from July 1, 1917, to September 2, 1917, the date of decedent's death.

The copartnership agreement provided that the money standing in the name of a copartner would be credited on the first days of January and July in each year. The appraiser properly disallowed the claim of the executors that the item of interest be discounted to January 1, 1918. The share of the decedent in the capital, with interest to the date of his death, represents the value of the transfer as of that date.

The copartnership agreement contained a provision that the capital of the member of the firm who died during the continuance of the copartnership should

remain in the business for a period of not exceeding nine months subsequent to his death and that his personal representatives should receive the same interest on capital and the same share of the profits for that period as was provided by the copartnership agreement. The profits for the nine months succeeding decedent's death were shown to be the sum of $36,-462.84. As these were not due and payable under the agreement until the expiration of the period therein fixed, and carried no interest, I think that this sum should be discounted so as to ascertain its value as of the date of decedent's death.

In estimating the value of the good will the appraiser has included in his average the profits for the years 1916 and 1917. The firm was in the business of selling goods on commission. The unusual earnings for the two years mentioned were due solely to the extraordinary increase in the inventory value of the merchandise on the sale of which the commissions were received. Under the peculiar circumstances of this case as disclosed by the record I am of the opinion that the profits for these two years should be excluded in the calculation of the good will value. The year 1914, which was also considered by the appraiser, should be eliminated because of the conditions which resulted in profits far below the normal earnings of the copartnership. The average for the years 1912, 1913 and 1915 should be taken as the basis for the calculation of the good will.

Pursuant to the articles of copartnership the decedent was to receive five per cent of the profits. The appraiser should have applied this percentage to the good will value of the business in ascertaining decedent's interest therein. *Matter of Hellman,* 172 N. Y. Supp. 671; affd., 187 App. Div. 934; affd., 226 N. Y. 702.

Municipal Court of New York, December, 1920.   [Vol. 114.

No proof was offered of the nature, extent or value of the services, if any, rendered by decedent and his copartners to the firm. Under these circumstances a deduction from the net profits for salaries to the copartners would be unauthorized, and the appraiser properly disallowed the claim.

The report will be returned to the appraiser for correction as indicated in this decision.

Report returned to appraiser for correction.